IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAROY HOUGH, | ) |
| | ) |
| Petitioner, | ) |
| | ) Case No. 1:22-cv-128 |
| v. | ) |
| | ) |
| LONNIE OLIVER, *Superintendent*, | ) |
| *et al.*, | ) |
| | ) |
| Respondents. | ) |

**MEMORANDUM ORDER**

The petition for a writ of habeas corpus in this case was received by the Clerk of Court on April 14, 2022 and referred to United States Magistrate Judge Richard A. Lanzillo, for report and recommendation in accordance with the Magistrate Judges Act, 28 U.S.C. §636(b)(1), and Local Civil Rule 72. On September 28, 2022, Respondents filed a motion to dismiss the petition, which remains pending before the Court. ECF No. 20, 21. Petitioner filed his response to the motion on November 22, 2022. ECF No. 25.

On March 13, 2023, Magistrate Judge Lanzillo issued a Report and Recommendation recommending that the Respondents' motion be granted and the instant petition be dismissed. ECF No. 26. Petition filed objections to the R&R on April 28, 2023. ECF No. 29.

Having fully reviewed all relevant documents in this case, the Court concludes that Respondents' motion to dismiss must be granted. The instant petition asserts numerous claims, none of which constitutes a viable basis for relief under 28 U.S.C. §2254.

By way of background, the Court notes that Petitioner is currently serving an aggregate prison sentence of 10 years and 3 months to 31 years and 6 months, having pled guilty to burglary and related charges at two different criminal dockets. In addition to imposing the above

1

period of incarceration, the sentencing court ordered Petitioner to pay restitution in the amount of $141,381.46. *See Commonwealth v. Hough,* 198 A.3d 455 (Pa. Super. Ct. 2018) (unpublished memorandum), ECF No. 21-1 at 172-174. After unsuccessfully appealing his judgment of sentence, Petitioner filed a PCRA petitioner which was dismissed on April 27, 2021. On appeal from that dismissal, the Pennsylvania Superior Court noted that, by virtue of his guilty plea, Petitioner had waived "all claims and defenses other than those sounding in the jurisdiction of the court, the validity of the plea, and what has been termed the 'legality' of the sentence imposed." *Commonwealth v. Hough*, 262 A.3d 463 (Pa. Super. Ct. 2021) (unpublished memorandum), ECF No. 21-1 at 390 (citation omitted). The Pennsylvania Superior Court affirmed the dismissal of Petitioner's claims that his trial counsel had been ineffective for failing to challenge the non-joinder of his criminal charges and/or for failing to request that the restitution amount be itemized. The Superior Court concluded that, because these issues did not call into question the validity of Petitioner's guilty plea or the legality of his sentence, they had essentially been waived as a result of his guilty plea and could not be considered in connection with his PCRA proceedings. *See* ECF No. 21-1 at 391-394.

In the instant §2254 petition, Petitioner reasserts his claims that his trial counsel was ineffective for failing to challenge the non-joinder of his criminal charges and for failing to request that the restitution amount be itemized. But for purposes of these federal proceedings, the joinder and restitution issues are considered procedurally defaulted, and Petitioner has made no showing of either: (1) cause for his default and resulting prejudice or (2) that the failure to consider the claim would result in a fundamental miscarriage of justice. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991).[1] Even if that were not so, Petitioner has not shown that his

---

[1] Petitioner disputes that his claims are procedurally defaulted, citing *Blackledge v. Perry*, 417 U.S. 21 (1974), as supportive authority. This decision is unhelpful to Petitioner, as it involves

trial counsel's conduct "fell below an objective standard of reasonableness" under "prevailing professional norms," as is required to demonstrate ineffectiveness on the part of his attorney. *Strickland v. Washington*, 466 U.S. 668, 688 (1984).

Petitioner also claims that both his trial counsel and his PCRA counsel were ineffective in failing to challenge the sufficiency of the evidence as it relates to his conviction for aggravated assault. The record shows, however, that Petitioner's trial counsel *did* challenge the sufficiency of the evidence in certain pretrial motions, and that issue was decided adversely to him by the trial judge. *See* ECF No. 21-2 at 116-17, 137-40, 142. Trial counsel cannot be ineffective for failing to do something that was plainly done. To the extent Petitioner believes his counsel was ineffective for recommending that he accept the negotiated plea agreement instead of proceeding to trial and continuing to litigate the sufficiency of the aggravated assault evidence, Petitioner has not demonstrated that his attorney's conduct fell below an objective standard of reasonableness under prevailing professional norms. *Strickland*, 466 U.S. at 688. And, once Petitioner entered his guilty plea on the aggravated assault charge, he waived his right to challenge the sufficiency of the prosecution's evidence, *see Commonwealth v. Rounsley*, 717 A.2d 537, 539 (Pa. Super. Ct. 1998); therefore, Petitioner's counsel could not have been ineffective for failing to appeal a non-cognizable issue. It further follows that, if Petitioner's trial counsel was not ineffective, Petitioner's PCRA counsel could not have been ineffective for failing to litigate that issue as part of the PCRA proceedings. *United States v. Sanders,* 165 F.3d

---

materially distinguishable facts and circumstances. *See id.* at 31 (holding that petitioner's guilty plea to a felony assault charge under North Carolina law did not preclude him from challenging the constitutionality of that charge in a federal habeas proceeding; petitioner had previously been convicted of misdemeanor assault based on the same underlying conduct, and the state's subsequent indictment of petitioner on felony assault charges after petitioner sought a *de novo* trial as a matter of right essentially amounted to retaliation in violation of due process of law).

248, 253 (3d Cir. 1999) ("There can be no Sixth Amendment deprivation of effective counsel based on an attorney's failure to raise a meritless argument.")

Finally, Petitioner claims that his sentence was excessive as a result of the state court erroneously applying the state sentencing guidelines. As the Magistrate Judge correctly observed, this claim implicates discretionary aspects of state sentencing law -- a matter that is not cognizable on federal habeas corpus review. *See Robles v. Superintendent Laurel Highlands SCI*, C.A. No. 19-3527, 2020 WL 2078297 at *1 (3d Cir. Feb. 27, 2020) ("Appellant's claim that the trial court abused its discretion in sentencing him is non-cognizable on habeas review because he did not demonstrate that the sentence violated a federal constitutional right."); *Dennis v. Poppel*, 222 F.3d 1245, 1258 (10th Cir. 2000) (holding that sentencing claims "are not generally constitutionally cognizable, unless it is shown the sentence imposed is outside the statutory limits or unauthorized by law"). Here, there is no claim that Petitioner's sentence fell outside of the applicable statutory limits. In fact, on direct appeal from his conviction and sentence, the Pennsylvania Superior Court found that Petitioner failed to raise a substantial question for review regarding the legality of his sentence, having asserted nothing more than "a bald allegation of excessiveness[.]" ECF No. 21-1 at 177. The court noted, however, that Petitioner's challenge would fail on the merits regardless, because he "failed to demonstrate that 'the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.'" ECF No. 21-1 at 178 n.4 (quoting *Commonwealth v. Johnson*, 125 A.3d 822, 826 (Pa. Super. Ct. 2015)). The record further shows that Plaintiff was sentenced in the aggravated range relative to the aggravated assault charge but within the standard range for the remaining charges to which he pled guilty. *See id.* at 178 n. 4.

To the extent Petitioner is asserting that his sentence violates federal constitutional provisions, his petition fails to state a viable basis for relief.  First, it does not appear that Petitioner framed his state court sentencing challenges in terms of a federal constitutional violation, so any such constitutional claim is now procedurally defaulted.  Again, Petitioner has made no attempt to demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, nor has he shown that failure to consider his constitutional claim will result in a fundamental miscarriage of justice.  *Coleman*, 501 U.S. at 750.  And even if the Court considered Petitioner's constitutional claim on the merits, the claim would fail.  Here, Petitioner cites *Solen v. Helm*, 463 U.S. 277 (1983), for the apparent proposition that, when a sentence is disproportionate to the crime committed, the sentence violates the Eighth Amendment's proscription against cruel and unusual punishment. But whereas the prisoner's life sentence without the possibility of parole was deemed to be unconstitutionally disproportionate to the crime at issue in *Solen* (*i.e.* the non-violent crime of uttering a "no account" check for $100), no comparable circumstances are present here.  Accordingly, nothing about the state courts' treatment of Petitioner's sentencing challenge was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

Accordingly, after *de novo* review of the petition and documents in the case, including Respondents' motion to dismiss, Petitioner's response, the Magistrate Judge's Report and Recommendation, and Petitioner's objections thereto, the following order is entered:

AND NOW, this 14th day of August, 2023, IT IS ORDERED that the Respondents' motion to dismiss, ECF No. [20], is GRANTED.  Accordingly, the instant petition for a writ of habeas corpus shall be, and hereby is, DISMISSED with prejudice.

IT IS FURTHER ORDERED that the Report and Recommendation of Magistrate Judge Lanzillo, issued on March 13, 2023, ECF No. [26], is adopted as the opinion of this Court. Petitioner's objections to the Report and Recommendation, ECF No. [29], are OVERRULED.

Because jurists of reason would not find it debatable that Petitioner has failed to make a substantial showing of the denial of a constitutional right, and because jurists of reason would not find the Court's assessment of Petitioner's claims debatable or wrong, IT IS FURTHER ORDERED that no certificate of appealability shall issue in this case.

As there are no further matters pending before the Court relative to the instant petition, the Clerk is directed to mark this case "CLOSED."

*Susan Paradise Baxter*

SUSAN PARADISE BAXTER
United States District Judge